**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, trustee of Triple Play Land Trust, Serjio Hernandez, and Yvette Hernandez, Beneficiary,<br><br>Plaintiffs,<br><br>vs.<br><br>DHI Mortgage Company, Ltd. Limited Partnership, DHI Title of Arizona, Inc. - Dietz; Trustee; Mortgage Electronic Registration Systems, Inc. (MERS); OneWest Bank, FSB; NGM Properties, LLC; William Zinman, PC; its assignees and successors in interest; and Does 1-40<br><br>Defendants. | No. CV-10-208-PHX-GMS<br><br>**ORDER** |

This case arises out of a transaction whereby Serjio and Yvette Hernandez contracted to purchase a home in Phoenix, Arizona. In February of 2007, the Hernandezes executed a promissory note in favor of DHI Mortgage Company, Ltd. and accompanied the note with a deed of trust. The deed of trust listed DHI Title of Arizona as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Ultimately, a trustee's sale was held, at which NGM Properties, LLC ("NGM") purchased the property. This lawsuit ensued, with Plaintiff AOM Group, LLC filing suit in Maricopa County Superior

1 Court before Defendants removed the case to this Court.[1]

On June 29, 2010, the Court held a status conference to determine whether Plaintiffs' attorney, Richard Clark, would continue to pursue this case. Mr. Clark, failed to attend. Mr. Clark previously had indicated to counsel that he no longer planned to prosecute the case or represent any parties in this matter, although he never properly sought or obtained an order from this Court permitting his withdrawal under Arizona Local Rule of Civil Procedure 83.3(b). Based on Mr. Clark's failure to attend the status conference or otherwise prosecute this case, the Court ordered him to show cause why he should not be held in contempt and to show cause why this matter should not be dismissed. (Doc. 42). The Court held a show-cause hearing on July 8, 2010, and Mr. Clark again failed to attend or otherwise provide notice of his absence to the Court.

**I.     Dismissal of the Case**

In the interest of achieving orderly and expeditious disposition of cases, a federal district court "has the inherent power to dismiss a case sua sponte for failure to prosecute or comply with a court order." *Levingston v. Piburn*, 2010 WL 2640177, at *3 (D. Ariz. June 10, 2010) (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir.1999)). As Mr. Clark, and thus Plaintiffs, have failed to comply with multiple Court orders or to otherwise prosecute the case, dismissal is appropriate to achieve a fair and expeditious resolution of this case and to maintain the Court's civil docket. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.1988) (explaining that courts consider several factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [parties]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions") (internal quotations

---

[1] AOM's involvement in the case is based upon an October 2009 agreement, in which the Hernandezes conveyed the Property to the newly-created Triple Play Land Trust. AOM is the trustee for the Triple Play Land Trust, and the Hernandezes are the beneficiaries.

omitted). Accordingly, the Court will dismiss this action.[2]

## II. NGM's Motion for Costs, Fees, and Sanctions

Defendant NGM Properties, LLC ("NGM") has also filed a motion for costs, attorneys' fees, and sanctions. (Doc. 12). These requests were filed along with NGM's motion to dismiss. "A motion for sanctions [under Federal Rule of Civil Procedure 11] must be made separately from any other motion . . . ." Fed. R. Civ. P. 11(c)(2). Because NGM failed to file its motion for sanctions separately from its motion to dismiss, the Court will reject the request for sanctions pursuant to Rule 11. *See Guillen v. Thompson*, 2010 WL 1266828, at *5 (D. Ariz. Mar. 29, 2010) (denying request for sanctions because it was filed along with a motion for reconsideration).

NGM also moves for sanctions pursuant to several other Arizona statutes: A.R.S. §§ 12-341, 12-341.01, 12-349, 33-420. To award sanctions under A.R.S. Sections 12-341.01(C) and 12-349, "the court must determine that the party's claim: (1) constitutes harassment; (2) is groundless; and (3) is not made in good faith." *Fisher on Behalf of Fisher v. Nat'l Gen. Ins. Co.*, 192 Ariz. 366, 370, 965 P.2d 100, 104 (Ct. App. 1998). "All three elements must be shown" by clear and convincing evidence for Section 12-341.01(C) and by a preponderance of the evidence for Section 12-349. *Id.* While the Complaint may have been deficient with respect to some claims, it is not apparent that the claims constitute harassment, or were not made in good faith. Nor does NGM's motion provide any substantial reason for believing that Plaintiffs acted to harass or in bad faith. Accordingly, the Court denies the request for sanctions based on A.R.S. §§ 12-341.01(C) and 12-349.

Likewise, sanctions are inappropriate pursuant to A.R.S. § 33-420. In order to prevail under Section 33-420, a party must establish that the other party "1) has caused to be recorded a document, 2) in which [it] claims an interest in, or a lien or encumbrance against, real property, 3) which is forged, groundless, contains a material misstatement or false claim

---

[2] While Mr. Clark has not shown cause why he should not be held in contempt of court, the Court finds that, given the Court is dismissing this action, it is unnecessary to issue a contempt order.

- 3 -

or is otherwise invalid." *Evergreen West, Inc. v. Boyd*, 167 Ariz. 614, 619, 810 P.2d 612, 617 (Ct. App. 1991). In determining whether the filing of a lis pendens was "groundless," "the trial court's inquiry is limited to determining whether the action is one 'affecting title to real property.'" *Id.* at 620, 810 P.2d at 618. This inquiry is not an examination of the merits of the case, and the Court need find only "some basis" to conclude that the action affects title to real property. *Id.*, 810 P.2d at 618. Here, while the Complaint may lack the factual detail necessary to state a claim, the Court cannot say that the action in no way affects title to real property. Rather, the Court finds that there was at least some basis upon which to file a lis pendens.

**IT IS THEREFORE ORDERED** that AOM Group's Complaint is **dismissed** for failure to prosecute.

**IT IS FURTHER ORDERED** that NGM's Motion for Sanctions, (Doc. 12), is **denied**. NGM may seek attorneys' fees and costs as the prevailing party in a contract action by following the local procedure regarding fee applications.

**IT IS FURTHER ORDERED** that all other remaining pending motions, (Docs. 12, 15, 34), be **denied as moot.**

**IT IS FURTHER ORDERED releasing, voiding, rescinding, striking and expunging** the Lis Pendens recorded on or about December 9, 2009, Maricopa County Recorder No. 2009-1126737, by Attorney Richard Clark and Orlando Sagarnaga for AOM Group LLC, relating to the property at: 4535 N. 111TH GLEN, PHOENIX, AZ 85037, legally described as: Lot 221, CAMELBACK RANCH UNIT 2, according to Book 777 of Maps, Page 27, Records of Maricopa County, Arizona.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 20th day of July, 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge